## UNITED STATES *v.* WILSON.

Certificates of indebtedness issued by a person or a corporation are not taxable as "circulation," under sect. 3408, Rev. Stat., unless they were calculated or intended to circulate or to be used as money.

APPEAL from the Circuit Court of the United States for the Middle District of Tennessee.

In a foreclosure suit, commenced Oct. 24, 1874, against the Saint Louis and Southeastern Railway Company, the court appointed a receiver to manage the affairs of the company and issue certificates of indebtedness. The order appointing him was modified, Dec. 7, 1874, so as to authorize and allow him "for the purpose of providing money to make payments on account of the balance of purchase-money due the State of Tennessee for the road sold as the Edgefield & Kentucky Railroad, from time to time to issue his certificates, which, altogether, shall not exceed two hundred and fifty thousand dollars on so much of the road mentioned in the pleadings as lies and is situated in the State of Tennessee, in such general form as may be approved of by complainants, providing for the payment thereof out of any of the moneys as are applicable for that purpose, which certificates shall bear interest at a rate not ex-

ceeding ten per cent. per annum, and the sums represented by such certificates shall, unless previously discharged, be paid out of any moneys realized upon a foreclosure and sale of the mortgaged property within the jurisdiction of this court equally with any other liability incurred by the receiver in the management of said railroad and the protection of the said property coming into his hands as receiver aforesaid. And it is further ordered that said certificates may be sold below par if necessary so to do."

Certificates in the following form —

" No. 3491.]                                                    [1874.

"SAINT LOUIS AND SOUTHEASTERN RAILWAY COMPANY.

" Certificate of indebtedness, good for twenty dollars, to H. W. Gardiner, paymaster, or bearer, payable at the office of the treasurer, Saint Louis, Mo., four months after date, with interest at the rate of ten per cent. per annum. Good only when countersigned by the paymaster of the company.

                                            " J. F. ALEXANDER, Treasurer.
    " I. P. HAINS, Auditor.
    (On margin ; ) " Countersigned :
                                            " H. W. GARDINER, Paymaster.

" 148.  $20.00.]                                      [Due Dec. 6, 1874.

" Twenty-five per cent. of freight bills due the company may be paid in these certificates at their face value before maturity thereof."

— were, from October, 1873, to November, 1874, issued for labor done and supplies and machinery furnished the company. The receiver accepted them when overdue for freights and debts accruing to the company, or paid them out at their face value with interest.

The United States filed a petition against Wilson, the receiver, praying for leave to intervene, and alleging that the company was indebted to it in an amount assessed by the Commissioner of Internal Revenue on account of circulating certificates of indebtedness, from October, 1873, to May, 1875, and also for the month of May, 1875, and for interest and penalties by reason of Wilson's failure to pay the same on notice and demand. The United States insisted that the amount due

was a prior claim upon the fund in his hands, and that he be directed to pay the same.

The court dismissed the petition, and the United States appealed.

*The Solicitor-General* for the United States.

There was no opposing counsel.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We are not satisfied that the certificates of indebtedness, on account of which the United States have assessed the taxes petitioned for, were calculated or intended to circulate or to be used as money. They were not, therefore, taxable as " circulation " under the third clause of sect. 3408 of the Revised Statutes.

*Decree affirmed.*